UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY DEANGELIS,

     Plaintiff,

v.                                    Case No:   6:16-cv-1482-Orl-37TBS

STRAYER ELECTRIC, LLC,

     Defendant.

_____

## ORDER

This is another case in which counsel failed to comply with Local Rule 3.01(g). The rule requires attorneys and *pro se* parties to confer in good faith before most motions are filed. Conformity with the rule eliminates the filing of motions that would otherwise waste clients' money and the attorneys' and Court's time. Of particular relevance to this case is the following provision in the rule:

> A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. FLA. Rule 3.01(g). The Court reiterated Rule 3.01(g) in the Case Management and Scheduling Order ("CMSO") which governs this case (Doc. 19):

> ### A. Good Faith Conference and Certification Requirement
>
> *DUTY TO CONFER - before filing a motion not exempted under Local Rule 3.01(g), the moving party shall engage in a substantive conversation with the opposing party–* **in person or by telephone**–*in a good faith effort to resolve the issues raised by the motion without Court intervention ("***Good Faith Conference***"). The duty to confer is not satisfied by mere*

*correspondence—particularly an exchange of ultimatums through e-mails, letters, or facsimiles.*

*CERTIFICATION REQUIREMENT - if issues requiring Court intervention exist after the Good Faith Conference, the moving party **shall file** with the motion a statement certifying that the moving party has conferred with the opposing party and whether the parties agree on the resolution of the motion ("**Certification Requirement**").*

> **IMPORTANT NOTICE**
>
> The Court will strictly enforce the Good Faith Conference and Certification Requirements. Failure to satisfy the Duty to Confer provides sufficient grounds for denial of a non-exempt motion and imposition of sanctions. Further, the Court will strike any non-exempt motion that is filed without a compliant Certification.

(Doc. 19 at 5). The CMSO continues:

> 3.    **Mere Attempts to Confer** - Moving parties who unsuccessfully "attempt" to confer with opposing parties have not "conferred,." A Certification to the effect that the opposing party was not available for a Good Faith Conference does not constitute compliance with the Certification Requirement.

(Id., at 6).

Pending before the Court is Plaintiff's Motion to Compel Discovery and Motion to Determine the Sufficiency of an Answer or Objection (Doc. 28). Defendant has filed a response in opposition to the motion (Doc. 32). The motion to compel includes the following certificate of counsel:

> in accordance with Fed. R. Civ. P. 37(a)(5)(A)(i) and local rule 3.01(g), I made a good faith effort to obtain the discovery sought herein without court action. I have attempted to confer with opposing counsel to obtain the answers, responses, and documents without court action.

(Doc. 28 at 24). This certificate, which has not been supplemented, does not satisfy the requirements of Rule 3.01(g). Accordingly, and consistent with the CMSO, Plaintiff's motion to compel (Doc. 28) is **STRICKEN** for failing to comply with Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record